UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SABRINA SEHER,<br><br>      Plaintiff,<br><br>  v.<br><br>LEE ANN YARBOR et al.,<br><br>      Defendants. | CASE NO. 2:25-cv-01089-LK<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

This matter comes before the Court sua sponte. "Today, as on nearly every day, the Court turns to address a new civil action that fails to allege sufficient facts to support subject matter jurisdiction." *Wilkins v. Stapleton*, No. 6:17-CV-1342-Orl-37GJK, 2017 WL 11219132, at *1 (M.D. Fla. Aug. 1, 2017). Despite invoking diversity jurisdiction, Plaintiff's complaint does not adequately allege the parties' citizenship or that the amount in controversy exceeds the jurisdictional threshold, and thus fails to invoke the Court's subject matter jurisdiction. For that reason, the Court dismisses this action with leave to amend.

  Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *see also* Fed. R. Civ. P.

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND - 1

12(h)(3). This determination is an "inflexible" threshold requirement that must be made "without exception, for jurisdiction is power to declare the law and without jurisdiction the court cannot proceed at all in any cause." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (quotation modified). Under the diversity jurisdiction statute, federal courts have original jurisdiction where the opposing parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613–14 (9th Cir. 2016).

The basic requirement in diversity cases is that all plaintiffs must be of different citizenship from all defendants or there is no federal diversity jurisdiction. *See Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 562 (2005). Here, the complaint does not adequately plead any party's citizenship. First, Plaintiff alleges that she is a "resident of Tacoma, Pierce County, Washington." Dkt. No. 1 at 1. That is insufficient for the Court to determine where she is domiciled, and thus her citizenship for diversity purposes. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."). The jurisdictional allegations regarding Defendants Lee Ann Yarbor and "John Doe" Yarbor are deficient for the same reason. Dkt. No. 1 at 1–2. To the extent that Defendant USA Endurance Events (and not its members) is the real party in interest in this case, its citizenship is that of a corporation. *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1182 (9th Cir. 2004). However, the complaint alleges only that it "is a California 501(c)(3) corporation, registered in California, that did business in King County, Washington," Dkt. No. 1 at 2, without alleging its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Plaintiff's conclusory allegation that "the parties are of diverse citizenship," Dkt. No. 1 at 2, does not suffice to cure these deficiencies. *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th

Cir. 1970) ("Failure to make proper and complete allegations of diversity jurisdiction relegates a litigant to . . . jurisdictional purgatory.").

Moreover, the complaint does not establish that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). As with diversity, "[c]onclusory allegations as to the amount in controversy are insufficient." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 774 (9th Cir. 2017). Plaintiff seeks monetary damages in an unspecified amount and injunctive relief. Dkt. No. 1 at 5–7. There is nothing on the face of the complaint indicating what the amount in controversy is, other than a conclusory allegation that the jurisdictional threshold is met.[1] *Id.* at 2 (alleging that "the amount in controversy exceeds $75,000.00."). Plaintiff has thus failed to satisfy her burden of plausibly pleading that the amount in controversy exceeds $75,000. *See State Nat'l Ins. Co. v. Murphy*, No. 5:23-CV-01859-JLS-KK, 2023 WL 6388076, at *1 (C.D. Cal. Sept. 29, 2023) (dismissing complaint for lack of subject matter jurisdiction where litigant failed to plausibly plead that the amount-in-controversy requirement was satisfied).

When subject matter jurisdiction is absent, courts "must dismiss the action." Fed. R. Civ. P. 12(h)(3). The Court accordingly DISMISSES the complaint without prejudice and with leave to amend. Should Plaintiff choose to amend her complaint, she must do so by July 11, 2025.

Dated this 17th day of June, 2025.

*Lauren King*
Lauren King
United States District Judge

---

[1] Although the complaint references a purchase-sale agreement with a total purchase price of $660,000, without more, it is not clear that this figure corresponds to (or is a reasonable proxy for) the amount of damages sought. *Id.* at 3–6.

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND - 3